WINANS v. PERRING et al.

(Circuit Court of Appeals, Sixth Circuit. July 30, 1906.)

No. 1,524.

PATENTS—INFRINGEMENT—PORTABLE BOATS.

The King patents, No. 389,817, claim 1, and No. 507,439, claim 2, each for a combination of elements in the construction of a portable boat, *held* not infringed by a construction which did not contain all of the elements of the combination of either claim.

Appeal from the Circuit Court of the United States for the Western District of Michigan.

F. L. Chappell, for appellant.
Dallas Bondeman, for appellees.

Before LURTON and SEVERENS, Circuit Judges, and COCHRAN, District Judge.

SEVERENS, Circuit Judge. In his bill, the appellant complained of the infringement of two patents, Nos. 389,817 and 507,439, both of which were issued to C. W. King, the licensor of the appellant, for improvements in "portable boats"; the former on September 18, 1888, and the latter October 24, 1893. The patentee had previously taken out patents relating to such structures; one in 1882 for a "sectional boat frame," and the second in 1886 for a "portable boat." Both of these, as well as other patents, were relied upon in the court below as anticipations of the patents in suit, and the patent of 1888 was claimed to be an anticipation of the patent of 1893, and prior public use was set up against the patent of 1888. Infringement was charged of one claim in each of the patents in suit. At the final hearing on pleadings and proofs, the bill was dismissed upon the ground that neither of the patents sued on were infringed.

Portable boats are made of canvas stretched on the outside of a frame, which holds it in form and is built in sections, in such manner that they can be detached from each other, folded together, and then rolled up in a package for convenient transportation. Fig. 1 of the patent of 1888, here shown, exhibits the general form and appearance of such boats. This boat is in three sections, meeting where the longitudinal ribs slightly cross each other.

Fig. 1

The particular feature of the invention on which the patent of 1888 rests consists in a short rib inserted in a loop of the fabric which incloses the upper side rails or ribs of the boat. This short rib laps at either end the upper longitudinal side rails which are cut off short at each end of the section. The purpose of the short rib is to hold the side rails in the same relative longitudinal position, and prevent the boat from collapsing at the joints. The short rib was provided with a handle standing at a right angle to it. Fig. 2, here shown, is an enlargement of this part of the boat and clearly exhibits this feature.

Fig. 2

1 is a perpendicular slot in the loop of the canvas. The rib has been slipped into it, but the handle is shown at c. The patentee says:

"When the handle of the rib, c, is turned down as in said figure, the rib can be readily withdrawn; but when the rib, c, is pushed farther in and the handle is turned upward its contact with the fabric retains it in place. This position is not here shown."

How the handle is held in place when turned up is not apparent. Probably by some peculiarity in the form of the rib, whereby some stress is put upon the canvas in turning up the handle. The first claim, which is the one involved, is as follows:

"(1) The combination of the canvas or flexible boat body, a series of longitudinal ribs in sections, a section being in each end of the body and a section at each side within the body and between the end sections, and the ribs having the angled end, one of said ribs being inserted in the fold at the upper edge of the body above the central sections of ribs, substantially as set forth."

It will be noticed that he makes the short rib with an angled end an element in his combination. The defendant uses a short rib or splice inserted in the canvas and passing the joint. But it has no angled end, but a circular end, used for the purpose of thrusting in and pulling out the rib, and is not turned in use. We cannot think there would be anything patentable in simply splicing the ends of the ribs of the sections so as to hold the parts in proper relation, and invention, if there be any, must be found in the peculiar formation of the rib having an angled end. At all events the patentee has made a rib of that construction a material element in his claim and it is represented as the novelty of the invention. As the defendants do not use such a rib, there is no infringement.

The patent of 1893 was for improvements in the construction of portable boats. The particular improvement was in the means for fastening the sections of the boat together. The two improvements which enter into the second claim were, first, in providing a tube in which the ends of the longitudinal ribs of the sections were inserted, whereby the ribs became in effect continuous from section to section

along the side of the boat. This tubular connection is shown by Fig. V of the drawings.

*Fig. V.*

19 is the tube, and 18 one of the ribs. As is seen, the ends of the ribs meet near the middle of the tubular connection. No doubt this was a very material improvement upon the method employed and described in his patent of 1888. Whether it was a patentable novelty to use this old device in the construction of these boats we need not decide. The other of the improvements mentioned was the securing the ribs in permanent position on the canvas by stitching the sections of the ribs within tucks or folds of the canvas or other fabric which constitutes the inner lining of the boat. The second claim is as follows:

"(2) In a boat as described, the inner flexible lining and the longitudinal ribs arranged in sections and united at their ends by removable tubular connections and attached by stitching to the said lining, all substantially as described."

This combination includes the tubular connection of the ribs and the stitching of the ribs to the canvas. The method of connecting the ribs by the defendant has already been described, and consists of splicing the ends of the ribs of the sections by using a short rib to lap for a space upon the end of the ribs to be connected, and all the parts which are employed in making the connection are inclosed in the loop of the fabric. There is still less similarity in this feature of the defendant's means for effecting the connection and that of the patent of 1893 than there is between the former and those of the patent of 1888. If the patent of 1893 is materially distinguishable from former constructions of the parts concerned, it is so mainly in the improvement made by slipping the ends of the ribs in one section into one end of a tube and the ends of the ribs in the next section into the other end of the tube. At all events the patentee makes that peculiarity an element in his claim, and the combination is not that used by the defendant. Walker on Patents (4th Ed.) § 349, and cases there cited. The complainant encounters the same difficulty in supporting his claim of infringement of the two patents, namely, that in each he has in his combination made an element material which is not found in the supposed infringement.

We come to the same conclusion as that reached by the judge who heard the case in the court below, and must therefore affirm the decree, with costs.